UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN GOLDMAN,

Plaintiff,

-against-

LOTUS COMMUNICATIONS CORP.,

Defendant.

26-CV-6170 (LTS)

ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, proceeding *pro se*, submitted the complaint in this action to the court by email; the action has been assigned the docket number listed above. For the following reasons, the Court directs Plaintiff to address the following deficiencies by: (1) paying the filing fees or applying to proceed *in forma pauperis* ("IFP"); (2) and submitting a signature.

**A. Filing Fees or IFP Application**

To proceed with a civil action, a plaintiff must either pay the $405.00 in fees or, to request authorization to proceed without prepayment of fees, submit a signed application to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915.[1]

Within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or, if Plaintiff is unable to pay such fees, Plaintiff should complete, sign, and submit the attached IFP application. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by postal mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number

[1] The $405.00 in fees includes a $350.00 filing fee plus a $55.00 administrative fee. (Please check the fee schedule on the website for any updates.)

listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

**B. Signature**

Plaintiff's complaint lacks a signature. Rule 11(a) of the Federal Rules of Civil Procedure, however, requires pleadings to "be signed . . . by a party personally if the party is unrepresented." *See also Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (interpreting Rule 11(a) to require, "as it did in John Hancock's day, a name handwritten (or a mark handplaced)").

The Court therefore directs Plaintiff to sign and re-submit the signature page within 30 days of the date of this order. The signed document must be labeled with the docket number 26-CV-6448 (LTS). If Plaintiff submits the document by email, to ProSe@nysd.uscourts.gov, Plaintiff may use a digital signature or a typed name with /s/ ("/s/ Justin Goldman") on the signature line. *See* Local Civil Rule 5.2 ("Any document submitted . . . [by email] must be signed by the party in one of the following ways: (a) by signing the document and then scanning it; (b) by using a digital signature; or (c) by typing: '/s/ [Party's Name].'").

## CONCLUSION

No further action will be taken in this case nor summons issued until Plaintiff: (1) pays the fees or submits a completed and signed IFP application; and (2) signs and submits the signature page. If Plaintiff fails to comply with this order within the time allowed or fails to seek an extension of time to comply, the action will be dismissed without prejudice to refiling.

If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1). If Plaintiff submitted proper payment for this action before receiving this order, the case will proceed once

that payment is processed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated: August 7, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge